1  LAWRENCE G. BROWN
   United States Attorney
2
3  BRIAN H. CORCORAN
   Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 7238
   Washington, D.C. 20044
5  Telephone: (202) 353-7421
   Facsimile: (202) 514-6770
6  Brian.H.Corcoran@usdoj.gov

7  Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No 2:09-cv-00430-JAM-DAD |
| | ) **STIPULATED ORDER** |
| BRADLEY J. ELMER, CHRIS J. ELMER, JEFFREY DELANY, RYAN ELMER, MICHAEL BOEHRER, and ASSOCIATED TAX PLANNERS, INC., | ) |
| Defendants. | ) |

The United States has filed a complaint for permanent injunction under 26 U.S.C. §§ 7407, 7408 and 7402(a) against Bradley J. Elmer, Chris J. Elmer, Jeffrey Delany, Ryan Elmer, Michael Boehrer (the "ATP Tax Preparers"), and Associated Tax Planners, Inc. ("ATP")(collectively, the "ATP Defendants"). The United States subsequently filed a Motion for a Preliminary Injunction, dated February 27, 2009 (Docket No. 9). The ATP Defendants deny the allegations in the Complaint and filed their opposition to the Motion on March 20, 2009 (Docket No. 27).

Notwithstanding the ATP Defendants' denial of the allegations herein, the parties have agreed to the terms of this Stipulated Order, and the ATP Defendants consent to be bound by its

terms and to its entry without further notice. The ATP Defendants waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

The ATP Defendants understand and agree that the Court has jurisdiction over this matter while the Stipulated Order remains in place, and understand that if they violate its terms, they may be subject to civil and criminal sanctions for contempt of court. The parties agree that entry of this Stipulated Order neither precludes the Internal Revenue Service (the "IRS") from assessing penalties against the ATP Defendants for asserted violations of the Internal Revenue Code during the pendency of this action, nor precludes the ATP Defendants from contesting any such penalties. In consenting to be bound by this Order and perform the obligations set forth herein, the ATP Defendants do not waive any rights they have regarding this matter under the Fifth Amendment to the U.S. Constitution.

**ORDER**

**IT IS HEREBY ORDERED** that pursuant to I.R.C. §§ 7402, 7407 and 7408, the ATP Defendants, individually and doing business as ATP or any other entity, and their representatives, agents, servants, employees, and those persons in active concert or participation with them, are hereby preliminarily enjoined, pending final resolution of the claims asserted in this lawsuit, from directly or indirectly:

(1) Engaging in any conduct subject to penalty under I.R.C. § 6694(a), *i.e.*, preparing any return or claim of refund with respect to which any part of an understatement of liability is due to an "unreasonable position," meaning a position where "the tax return preparer knew (or reasonably should have known) of the position," there was no "reasonable belief that the position would more likely than not be sustained on its merits," and "the position was not disclosed as provided in section 6662(d)(2)(B)(ii)" or "there was no reasonable basis for the position";

(2) Engaging in conduct subject to penalty under I.R.C. § 6700(a), *i.e.*, by organizing or participating in the organization of any plan or arrangement and in connection therewith making or furnishing or causing another person to make or furnish a statement with respect to the securing of a tax benefit that the ATP Defendants know or have reason to know is false or fraudulent;

(3) Engaging in conduct subject to penalty under I.R.C. § 6701, *i.e.*, by aiding, assisting in, procuring, or advising with respect to the preparation of any portion of a return, affidavit, claim or other document, when the ATP Defendants know or have reason to believe that portion will be used in connection with a material matter arising under the federal tax law, and the ATP Defendants know that the relevant portion will result in the material understatement of the liability of another person;

(4) Engaging in any other conduct that interferes with the administration and enforcement of the internal revenue laws;

(5) Engaging in any activity subject to penalty under any other section of the Internal Revenue Code; and

**IT IS FURTHER ORDERED,** that during the pendency of this preliminary injunction, the ATP Defendants shall:

(1) prepare and/or file income tax returns for customers identifying the existence of a two-person partnership and/or the business expenses and losses of that entity, only where the

partnership and/or its business expenses and losses can be substantiated in accordance with the terms of items (2) - (9) below;

(2) report an Employer Identification Number ("EIN") for a partnership on an individual or income tax return only after having first applied for and obtained such an EIN in accordance with the procedures for so doing established by the IRS;

(3) use their best efforts to report the correct Principal Business Activity code on all business tax returns prepared;

(4) in cases where an ATP customer is a partner in a partnership or shareholder of an S-Corporation, and where the customer has engaged ATP to file his individual income tax return, file any corresponding partnership or S-Corporation income tax return prior to, or contemporaneous with, any individual tax returns filed for that customer;

(5) claim business expenses, deductions, or losses only where there is compelling evidence that the customer was carrying on a trade or business with a profit motive. The ATP Defendants shall also secure and retain from customers copies of all schedules of business income and expenses used in preparing any business schedules or business income tax returns. In cases where there is a history of little or no gross income for the customer's trade or business, the ATP Defendants shall secure from the customer substantiation documenting the business's purpose, activity, expenses, deductions, and/or losses;

(6) report losses in the tax returns from a customer's real estate rental activities only as a passive activity subject to the Passive Activity Limitations in accordance with I.R.C. § 469. To the extent the ATP Defendants report that the customer in question is a "real estate professional" for the purpose of deducting real estate rental losses, the ATP Defendants will retain substantiation secured from the customer sufficient to establish that the customer meets the definition of "real estate professional" under I.R.C. § 469( c )(7)(B);

(7) claim employee business expenses in the tax returns of their customers only as miscellaneous itemized deductions subject to the Internal Revenue Code and Regulations under the Adjusted Gross Income ("AGI") limitations;

(8) claim office-in-home expenses in the tax returns of their customers as business deductions only where and to the extent that the customer can clearly substantiate that the use of the customer's residence qualifies for a deduction in accordance with I.R.C. § 280(A); and

(9) claim personal medical costs in the tax returns of their customers only as itemized deductions subject to the Internal Revenue Code and Regulations which apply to the determination of adjusted gross income;

**IT IS FURTHER ORDERED**, that pursuant to Fed. R. Civ. P. 64( c ) and Local Rule 65.1-151, the United States is not required to give security in connection with this preliminary injunction.

IT IS SO ORDERED this 2nd day of April, 2009.

                                      /s/ John A. Mendez
                                      John A. Mendez,
                                      United States District Judge

| Prepared by: | Seen and Agreed: |
|---|---|
| /s/Brian H. Corcoran | /s/ Betty J. Williams |
| Brian H. Corcoran | Betty J. Williams (SB#224793) |
| Trial Attorney, Tax Division | MOPSICK & WILLIAMS, LLP |
| U.S. Department of Justice | 3600 American River Drive, Suite 220 |
| P.O. Box 7238 | Sacramento, California 95864 |
| Washington, D.C. 20044 | Telephone: (916) 488-8501 |
| Telephone: (202) 353-7421 | Facsimile: (916) 488-8196 |
| Facsimile: (202) 514-6770 | Email: Betty@MopsickWilliams.com |
| Email: brian.h.corcoran@usdoj.gov | |
| Counsel for the United States of America | Counsel for the ATP Defendants |