BENJAMIN B. WAGNER
United States Attorney

BRIAN H. CORCORAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
Brian.H.Corcoran@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>BRADLEY J. ELMER,<br>CHRIS J. ELMER, JEFFREY<br>DELANY, RYAN ELMER,<br>MICHAEL BOEHRER,<br>and ASSOCIATED TAX<br>PLANNERS, INC.,<br><br>            Defendants. | Case No 2:09-cv-00430-JAM-DAD<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION** |

The United States has filed a complaint for permanent injunction under 26 U.S.C. §§ 7407, 7408 and 7402(a) against Bradley J. Elmer, Chris J. Elmer, Jeffrey DeLany, Ryan Elmer, Michael Boehrer (the "ATP Tax Preparers"), and Associated Tax Planners, Inc. ("ATP")(collectively, the "ATP Defendants").  The parties entered into a stipulated consent preliminary injunction in April of 2009 that was ordered by this Court on April 2, 2009 (Docket No. 30), and have since that time taken discovery in this action.

Notwithstanding the ATP Defendants' denial of the allegations herein, the parties have agreed to the terms of this Stipulated Order of Permanent Injunction, and the ATP Defendants

consent to be bound by its terms and to its entry without further notice. The ATP Defendants waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure. The parties understand that this order constitutes the final judgment in this matter, waive the right to appeal from this judgment, and agree to bear their respective costs, including any attorneys' fees or other expenses of this litigation. Nothing in this order shall constitute an admission of liability by the ATP Defendants of any of the matters alleged in the Complaint or in the United States' Motion for Preliminary Injunction. In consenting to be bound by this Order and perform the obligations set forth herein, the ATP Defendants do not waive any rights they have regarding this matter under the Fifth Amendment to the U.S. Constitution.

The ATP Defendants further understand and agree that the Court has jurisdiction over this matter for the purposes of implementing and enforcing this order, and understand that if they violate its terms, they may be subject to civil and criminal sanctions for contempt of court.

**ORDER**

**1. IT IS HEREBY ORDERED** that pursuant to Internal Revenue Code §§ 7402, 7407, and 7408, Defendant Chris Elmer is, beginning October 15, 2010, permanently enjoined from directly or indirectly acting as a federal tax return preparer, or providing assistance or advice in the preparation or filing of federal tax returns for any person or entity other than himself, or appearing as a representative on behalf of any person or entity whose tax liability is under examination or investigation by the Internal Revenue Service or the Department of Justice; and

**2. IT IS HEREBY ORDERED** that pursuant to I.R.C. §§ 7402, 7407, and 7408, the ATP Defendants, individually and doing business as ATP or any other entity, and their representatives, agents, servants, employees, and those persons in active concert or participation with them, are hereby permanently enjoined from directly or indirectly:

5413497.2

(1)     Engaging in any conduct subject to penalty under I.R.C. § 6694(a), *i.e.*, preparing any return or claim of refund with respect to which any part of an understatement of liability is due to an "unreasonable position," meaning a position where "the tax return preparer knew (or reasonably should have known) of the position," there was no "reasonable belief that the position would more likely than not be sustained on its merits," and "the position was not disclosed as provided in section 6662(d)(2)(B)(ii)" or "there was no reasonable basis for the position";

(2)     Engaging in conduct subject to penalty under I.R.C. § 6694(b), *i.e.*, by preparing any return or claim for refund with respect to which any part of an understatement of liability is due to willful or reckless conduct on the part of the relevant return preparer;

(3)     Engaging in conduct subject to penalty under I.R.C. § 6700(a), *i.e.*, by organizing or participating in the organization of any plan or arrangement and in connection therewith making or furnishing or causing another person to make or furnish a statement with respect to the securing of a tax benefit that the ATP Defendants know or have reason to know is false or fraudulent;

(4)     Engaging in conduct subject to penalty under I.R.C. § 6701, *i.e.*, by aiding, assisting in, procuring, or advising with respect to the preparation of any portion of a return, affidavit, claim or other document, when the ATP Defendants know or have reason to believe that portion will be used in connection with a material matter arising under the federal tax law, and the ATP Defendants know that the relevant portion will result in the material understatement of the liability of another person;

(5) Engaging in any other conduct that interferes with the administration and enforcement of the internal revenue laws; and

(6) Engaging in any activity subject to penalty under any other section of the Internal Revenue Code; and

**3. IT IS FURTHER ORDERED** that (excepting Defendant Chris Elmer, to whom this paragraph of the Order is inapplicable) the ATP Defendants shall, in their preparation of tax returns:

(1) prepare and/or file income tax returns for customers identifying the existence of a two-person partnership and/or the business expenses and losses of that entity, only where the partnership and/or its business expenses and losses can be substantiated in accordance with the terms of items (2) - (9) below;

(2) report an Employer Identification Number ("EIN") for a partnership on an individual or income tax return only after having first applied for and obtained such an EIN in accordance with the procedures for so doing established by the IRS;

(3) report the correct Principal Business Activity code on all business tax returns prepared;

(4) in cases where an ATP customer is a partner in a partnership or shareholder of an S-Corporation, and where the customer has engaged ATP to file his individual income tax return for a particular year, file any corresponding partnership or S-Corporation income tax return for that year prior to, or contemporaneous with, the individual tax return;

(5) claim business expenses, deductions, or losses only where the customer is carrying on a trade or business with a profit motive. The ATP Defendants shall also secure from customers (and retain for four years) copies of all schedules of business income and expenses

used in preparing any business schedules or business income tax returns. In cases where there is a history of little or no gross income for the customer's trade or business, the ATP Defendants shall secure from the customer (and retain for four years) substantiation documenting the business's purpose, activity, expenses, deductions, and/or losses;

(6) report losses in the tax returns from a customer's real estate rental activities only as a passive activity subject to the Passive Activity Limitations in accordance with I.R.C. § 469. To the extent the ATP Defendants report that the customer in question is a "real estate professional" for the purpose of deducting real estate rental losses, the ATP Defendants will retain substantiation secured from the customer sufficient to establish that the customer meets the definition of "real estate professional" under I.R.C. § 469(c)(7)(B);

(7) claim employee business expenses in the tax returns of their customers only as miscellaneous itemized deductions subject to the Internal Revenue Code and Regulations under the Adjusted Gross Income ("AGI") limitations;

(8) claim office-in-home expenses in the tax returns of their customers as business deductions only where and to the extent that the customer can clearly substantiate that the use of the customer's residence qualifies for a deduction in accordance with I.R.C. § 280(A); and

(9) claim personal medical costs in the tax returns of their customers only in the proper manner as required by the Internal Revenue Code and Regulations (*e.g.* as itemized deductions); and

**4. IT IS HEREBY ORDERED** that, for any tax returns prepared after the date of this Order, if the IRS determines that any of the ATP Defendants has engaged in two or more separate

5413497.2

acts subject to penalty under I.R.C. § 6694(b), and after the ATP Defendant responsible for preparing the returns claiming or setting forth the alleged penalizable conduct has had the opportunity to administratively appeal this determination, the respective ATP Defendant consents to be permanently enjoined from the preparation of tax returns without further order of this Court; and

**5. IT IS HEREBY ORDERED** that Defendant Chris Elmer shall, on or before December 31, 2010, formally terminate his employment and/or ownership interest in ATP.  Chris Elmer shall provide the United States with (a) information relating to the circumstances and terms of the sale of his business interest in ATP, which shall be effected on or before December 31, 2010, and (b) the amount of rent (i) presently charged by any entity owned or affiliated in any way with Chris Elmer for lease of ATP's business space at 1219 Pleasant Grove Blvd., Suite 120, Roseville, CA 95678, and (ii) to be charged in 2011.  Chris Elmer acknowledges that an unreasonable (meaning inconsistent with existing market rental rates) increase in the rent charged for ATP's office space in Roseville, effected with the intent of providing him ATP revenues despite his separation from the company, would constitute a violation of this Order; and

**6. IT IS HEREBY ORDERED** that, with the exception of Defendant Chris Elmer, all ATP Defendants in this lawsuit (including but not limited to ATP employees or agents who prepare tax returns for the ATP entity) who wish or intend to continue to prepare tax returns after the date of this Order, must take and pass the IRS enrolled agent's examination within three years of the date of this Order.  No ATP Defendant (or employee or agent) shall be permitted to continue to prepare tax returns if that person does not pass the test within three years of the date of this Order. Notwithstanding the above, the individuals to whom this paragraph applies may continue to prepare their own individual tax returns; and

**7. IT IS HEREBY ORDERED** that in July of each year for a period of three years from the date of entry of this Order, beginning July 2011, for the purpose of determining or securing compliance with its provisions, a neutral monitor (who is an enrolled agent or certified public accountant) shall be selected by the ATP Defendants and approved by the United States (Department of Justice - Tax Division), and compensated by the ATP Defendants. The neutral monitor shall inspect and review twenty, randomly-selected federal tax returns (a corporate and/or partnership return and its related individual return shall be counted as one return for purposes of this Order) prepared by the ATP Defendants since entry of the Order to ensure compliance with the Order. The ATP Defendants shall permit the neutral monitor full access to any materials, documents, or files (electronically-stored or paper) required to complete the monitoring process, and shall also permit the neutral monitor to interview any persons, whether or not affiliated in any way with the ATP Defendants, who may have information relevant to completion of the neutral monitor's function.

Within thirty days of completion of each annual investigation, the neutral monitor shall provide a written report to the ATP Defendants and the United States setting forth in detail the manner and form in which the ATP Defendants have or have not complied with the terms of this Order; and

**8. IT IS HEREBY ORDERED** that the ATP Defendants shall provide by mail a copy of this injunction to all customers who have paid any of the ATP Defendants to prepare federal and/or state tax returns since January 1, 2008. The costs of postage for such notification shall be borne half by plaintiff, and half by the ATP Defendants; and

**9. IT IS HEREBY ORDERED** that the Court retains jurisdiction to enforce this Order, and that for the purposes of monitoring the ATP Defendants' compliance with its terms, the United States may conduct discovery using the formal procedures described in Fed. R. Civ. P. 30, 31, 33,

5413497.2

34, 36, and 45, or as otherwise provided in the Federal Rules of Civil Procedure, or permitted by this Court.

IT IS SO ORDERED this 27th day of August, 2010.

/s/ John A. Mendez
John A. Mendez,
United States District Judge

Prepared by:                          Seen and Agreed:

/s/Brian H. Corcoran                  /s/ Betty J. Williams
Brian H. Corcoran                     Betty J. Williams (SB#224793)
Trial Attorney, Tax Division          MOPSICK & WILLIAMS, LLP
U.S. Department of Justice            3600 American River Drive, Suite 220
P.O. Box 7238                         Sacramento, California 95864
Washington, D.C. 20044                Telephone: (916) 488-8501
Telephone: (202) 353-7421             Facsimile: (916) 488-8196
Facsimile: (202) 514-6770             Email: Betty@MopsickWilliams.com
Email: brian.h.corcoran@usdoj.gov

Counsel for the United States          Counsel for the ATP Defendants
of America